NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROBERT VANDAL,

    Petitioner,

v.

ROY L. HENDRICKS, et al.,

    Respondents.

Hon. Joel A. Pisano

Civil No. 04-2360 (JAP)

**OPINION**

**APPEARANCES:**

    ROBERT VANDAL, #479146B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner pro se

    CATHERINE A. FODDAI, Assistant Prosecutor
    BERGEN COUNTY PROSECUTOR
    Bergen County Justice Center
    Hackensack, New Jersey 07601
    Attorneys for Respondents

**PISANO, District Judge**

    Robert Vandal filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey. Respondents filed an Answer, arguing, inter alia, that the Petition should be dismissed as untimely and on the merits. For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely, and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on March 1, 1995, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of the first degree murder of Pamela Dare. The Law Division sentenced Petitioner to a term of life imprisonment, with 30 years of parole ineligibility. Petitioner appealed, and in an opinion filed on May 12, 1997, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and the custodial sentence, reversed the imposition of a $100,000 fine, and remanded for reconsideration of the $10,000 Violent Crimes Compensation Board penalty. State v. Vandal, No. A-5333-94T4 (App. Div. May 12, 1997). On July 11, 1997, the Supreme Court of New Jersey denied certification. State v. Vandal, 151 N.J. 76 (1997) (table).

On October 2, 1998, Petitioner executed a pro se petition for post conviction relief and presumably handed it to prison officials for mailing to the Law Division. The Law Division denied relief on May 11, 2001, and Petitioner appealed. In an opinion filed January 22, 2003, the Appellate Division affirmed the order denying post conviction relief. State v. Vandal, No. A-6728-00T4 slip op. (App. Div. Jan. 22, 2003). On May 22, 2003, the Supreme Court of New Jersey denied certification. State v. Vandal, 176 N.J. 430 (2003) (table).

Petitioner executed the Petition which is now before the Court and presumably handed it to prison officials for mailing to the Clerk on May 11, 2004. The Clerk received it on May 20, 2004. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

2

The Petition presents 13 grounds:

> Ground One: THE TRIAL COURT IMPROPERLY ORDERED DEFENSE COUNSEL TO SUPPLY THE STATE WITH A PRIVILEGED REPORT PREPARED BY A PUBLIC DEFENDER INVESTIGATOR SUBSEQUENT TO INTERVIEWING DEFENDANT IN THE COUNTY JAIL.
>
> Ground Two: THE PROSECUTOR ENGAGED IN A COURSE OF MISCONDUCT THROUGHOUT THE TRIAL WHICH DEPRIVED DEFENDANT OF THE RIGHT TO A FAIR TRIAL. U.S. CONST., AMEND. VI, XIV.
>
> Ground Three: THE INTRODUCTION INTO EVIDENCE OF GRUESOME AUTOPSY PHOTOGRAPHS AND ENLARGED PHOTOGRAPHS OF THE VICTIM DEPRIVED DEFENDANT OF THE RIGHT TO A FAIR TRIAL. U.S. CONST., AMENDS. VIII, XIV.
>
> Ground Four: THE JURY CHARGE ON PASSION\PROVOCATION MANSLAUGHTER WAS INSUFFICIENT BECAUSE IT FAILED TO ADEQUATELY DEFINE THE ELEMENTS OF THE OFFENSE AND TO TAILOR THE CHARGE TO THE FACTS, THUS DENYING DEFENDANT DUE PROCESS AND A FAIR TRIAL. (U.S. CONST. AMEND. VI, XIV.
>
> Ground Five: THE INTRODUCTION OF IRRELEVANT, IMMATERIAL AND UNDULY PREJUDICIAL EVIDENCE DEPRIVED THE DEFENDANT OF A FAIR TRIAL.
>
> Ground Six: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PURSUE THE DEFENSES OF INTOXICATION AND DIMINISHED CAPACITY - THE TRIAL COURT JUDGE SHOULD HAVE SUA SPONTE CHARGED THE DEFENSE OF INTOXICATION.
>
> Ground Seven: THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE, IN LIGHT OF THE OVERWHELMING EVIDENCE THAT THE DEFENDANT WAS INTOXICATED.

Ground Eight: IT WAS PLAIN ERROR FOR THE COURT TO FAIL TO GIVE A HAMPTON\KOCIOLEK CHARGE TO THE JURY.

Ground Nine: THE FAILURE OF THE COURT TO CHARGE "MISADVENTURE" OR ACCIDENT WAS ERROR.

Ground Ten: THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO HOLD AN EVIDENCE RULE 8 HEARING ON THE ADMISSION OF EVIDENCE OF DEFENDANT'S SUICIDE ATTEMPTS AND IN FAILING TO INSTRUCT THE JURY REGARDING THE PROPER USE OF THE ATTEMPTED SUICIDE EVIDENCE.

Ground Eleven: TRIAL COUNSEL'S FAILURE TO ADEQUATELY PREPARE AND EXERCISE NORMAL CUSTOMARY SKILLS IN REPRESENTING HIS CLIENT AND THE LACK OF ADEQUATE CLIENT CONSULTATION RESULTED IN GROSS IGNORANCE OF DEFENDANT'S SPECIFIC REQUEST FOR DEFENSE TACTICS, SO UNDERMINED THE PROPER FUNCTION OF THE ADVERSARIAL PROCESS THAT THE TRIAL CANNOT BE RELIED ON HAVING PRODUCED A JUST RESULT; IN VIOLATION OF DEFENDANT'S RIGHT TO A FUNDAMENTALLY FAIR TRIAL WITH EFFECTIVE REPRESENTATION. U.S.C.A. CONST. AMEND. 5TH, 6TH, & 14TH.

Ground Twelve: THE TRIAL COURT'S CHARGE TO THE JURY WAS SO FATALLY DEFECTIVE THAT DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW.

Ground Thirteen: THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(Pet. ¶¶ 12.a. -12.m.)

The State filed an Answer, arguing that the Petition is untimely, certain claims were procedurally defaulted, and that the grounds raised do not warrant habeas relief. Petitioner did not file a Traverse.

## II. DISCUSSION

A. Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory

tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "'*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not

exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed July 11, 1997. The statute of limitations therefore began to run on October 9, 1997, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 356 days, and was statutorily tolled on October 2, 1998, when Petitioner executed and presumably handed his post conviction relief petition to prison officials for mailing to the Law Division. The statute of limitations picked up again on May 23, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review. The statute of limitations ran for the final nine days until it expired on June 2, 2003. Because Petitioner did not hand his § 2254 Petition to prison officials for mailing until May 11, 2004, the Petition is untimely unless Petitioner is entitled to equitable tolling. See Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner does not argue that the limitations period should be equitably tolled. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period. Under these circumstances, the

7

statute of limitations expired on June 2, 2003. Because Petitioner filed his § 2254 Petition on May 11, 2004, and because he was not entitled to equitable tolling, his Petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1).

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.

_____
JOEL A. PISANO, U.S.D.J.

DATED: _____Nov. 28_____, 2005