NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT VANDAL, | : | **Hon. Joel A. Pisano** |
| Petitioner, | : | Civil No. 04-2360 (JAP) |
| v. | : | |
| ROY L. HENDRICKS, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

> ROBERT VANDAL, #479146B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625
> Petitioner pro se

> CATHERINE A. FODDAI, Assistant Prosecutor
> BERGEN COUNTY PROSECUTOR
> Bergen County Justice Center
> Hackensack, New Jersey 07601
> Attorneys for Respondents

**PISANO**, District Judge

Robert Vandal filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a). In an Order and Opinion entered November 30, 2005, this Court dismissed the Petition

with prejudice as untimely and denied a certificate of appealability. Presently before the Court is

Petitioner's motion to extend the time to file a notice of appeal. For the reasons expressed below

and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court conditionally grants

the motion. See Fed. R. App. P. 4(a)(5).

Dockets.Justia.com

# I. BACKGROUND

Rule 4(a)(1) of the Federal Rules of Appellate Procedure establishes the time limit for filing a notice of appeal in a civil case: "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1). Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. Civ. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

Rule 4(a)(5) permits the district court to extend the time to file a notice if appeal if the following two conditions are met:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Thus, this Court may grant Petitioner's motion only if he filed his motion for an extension no later than 30 days after the expiration of the time originally prescribed by Rule 4(a), see IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.2 (3d Cir. 1986), and he shows either excusable neglect or good cause, In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 154 (3d Cir. 2005).

As to the time requirement, the Order which Petitioner seeks to appeal was entered on November 30, 2005. See Fed. R. Civ. P. 4(a)(7)(A)(ii). The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) expired on December 30, 2005, 30 days later. The time to

2

file a timely motion to extend the time expired on January 30, 2006. Petitioner's motion for

extension of time to file a notice of appeal, which the Clerk of this Court received on February 2,

2006, is dated January 23, 2006. If Petitioner can show that he handed his motion papers to

prison officials for mailing on January 23, 2006, see Fed. R. App. P. 4(c)(1), then the motion

satisfies the first condition under Rule 4(a)(5)(A)(i).[1]

The good cause and excusable neglect standards have "different domains" and one is not

inclusive of the other. Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002

amendments (quoting Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir.

1990)). "The excusable neglect standard applies in situations in which there is fault; in such

situations, the need for an extension is usually occasioned by something within the control of the

movant. The good cause standard applies in situations in which there is no fault - excusable or

otherwise. In such situations, the need for an extension is usually occasioned by something that

is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's

note to 2002 amendments.

In his certification, Petitioner explains his failure to file a notice of appeal on or before

December 30, 2005, as follows:

> 1. On or about December 17, 2005, until January 10, 2006 New
> Jersey State Prison was on a state of lock-down due to allegations
> that a HAND GUN was within the Prison Facility. Prior to this
> lock-down I was in the Hospital recovering from Cancer surgery
> where I was bed ri[dden] for two weeks.

---

[1] "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or
by a notarized statement, either of which must set forth the date of deposit [in the institution's
internal mail system] and state that first-class postage has been prepaid." Fed. R. App. P. 4(c).

3

2. Upon my return to the Prison I receive on December 2, 2005 the District Court Order Denying my application for Habeas Corpus. Duke to the lock-down I was not able to leave my cell area. After the opening of the Prison on 1/10/06 I request the necessary assistance to file my Appeal, however, the only assistance I receive was these documents to fill-out and mail to the Clerk.

3. Due to my inability to write or have the use of my arm w[h]ere the Cancer was removed I had to depend upon a prison paralegal to prepare these documents for me. I was told that my name would be put in order due to the many people that was seeking assistance because of the lock-down. On January 20, 2006 my documents were picked-up and return to me this day January 23, 2006.

4. I am forth with signing and submitting to your Office for processing. Any and all information being provided by me can be verified by check with the Prison Administrator's Office.

(Certification dated Jan. 23, 2006.)

For his notice of appeal to be timely, Petitioner had to hand it to prison officials for mailing to the Clerk sometime between November 30, 2005, and December 30, 2005. Petitioner avers that he received the Opinion and Order dismissing his Petition on December 2, 2005, but he could not file a notice of appeal before December 30th because the prison was on lockdown and he could not leave his cell from December 17, 2005, through January 10, 2006; he could not prepare the notice of appeal himself because he could not use his hands due to cancer surgery; and he was not able to obtain the assistance of a prison paralegal until January 20, 2006. This Court finds that Petitioner has established good cause for failing to file a timely notice of appeal. The Court will grant the motion to extend the time to file the notice of appeal and direct the Clerk to file the notice of appeal nunc pro tunc, on the condition that Petitioner files a declaration or notarized statement within 10 days of the date of the entry of the Order accompanying this Opinion pursuant to Rule 4(c)(1) of the Federal Rules of Appellate Procedure. The declaration

4

or notarized statement must set forth the date of deposit of the notice of appeal in the institution's internal mail system and state that first-class postage was prepaid. Fed. R. App. P. 4(c)(1).

## IV. CONCLUSION

Based on the foregoing, the Court grants Petitioner's motion to extend the time to file a notice of appeal, conditioned on the filing of a declaration or notarized statement pursuant to Fed. R. App. P. 4(c)(1) within 10 days of the entry of the Order accompanying this Opinion.

_____

JOEL A. PISANO, U.S.D.J.

DATED: _____Feb  15_____, 2006